UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD YAHAI ABUALSUNDOS,<br>Plaintiff<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>Defendant. | Case No. 2:17-cv-08123-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff Ahmad Yahai Abualsundos ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issues in the case [Dkt. 18 ("Pltf.'s Br."); Dkt. 19 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court affirms the decision of the Commissioner.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On April 2, 2014, Plaintiff filed an application for DIB, alleging that he became disabled as of September 17, 2012. [Dkt. 15, Administrative Record

("AR") 142-45.] The Commissioner denied his initial claim for benefits on June 17, 2014, and then denied his claim upon reconsideration on September 4, 2014. [AR 92-95, 99-102.] On July 12, 2016, a hearing was held before Administrative Law Judge ("ALJ") Roger E. Winkelman. [AR 29-63.] The ALJ issued a decision denying Plaintiff's request for benefits on July 29, 2016. [AR 14-28.] Plaintiff requested review from the Appeals Council, but the Appeals Council denied his request for review on September 21, 2017. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(b)-(g)(1). At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of September 17, 2012. [AR 19 (citing C.F.R. § 404.1571 *et seq.*).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: cervical degenerative disc disease; lumbar degenerative disc disease; and status post remote laminectomy. [*Id.* (citing 20 C.F.R. § 404.1520(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 21 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526).]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):
> [L]ight work as defined in 20 CFR 404.1567(b) except, [Plaintiff] is precluded from climbing ladders, ropes and scaffolds; occasional postural activities; occasional push/pull with bilateral foot controls; occasional bilateral reaching overhead; no extreme neck flexion; and, avoid concentrated exposure to cold, vibrations or work place hazards.

[AR 21-22.] Applying this RFC, the ALJ found that Plaintiff is capable of performing past relevant work as an actor (DOT 150.047-010) or extra (DOT 159.647-014) and, thus, is not disabled. [AR 20-21.]

### III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012) (internal citation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "inconsequential to the ultimate nondisability determination, or if despite the legal error, the agency's path may reasonably be discerned." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

### IV. DISCUSSION

Plaintiff contends that the ALJ erred in his assessment of Plaintiff's credibility. [Pltf.'s Br.at 4-14.]

**A. The ALJ's Decision Sets Forth Specific Reasons for Finding Plaintiff Not to Be Credible.**

Plaintiff first challenges whether the ALJ provided specific reasons for rejecting Plaintiff's testimony about his symptoms. "[T]o ensure our appellate review is meaningful,…we require the ALJ to specifically identify the testimony [from a claimant] she or he finds not to be credible and…explain what evidence

3

undermines the testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (internal quotation omitted). Accordingly, "[g]eneral findings are insufficient." *Id.* (internal quotation omitted). And as the Ninth Circuit held in *Treichler*, "boilerplate statement[s]" and "introductory remark[s]," *without more*, "fall[] short of meeting the ALJ's responsibility to provide 'a discussion of the evidence' and 'the reason or reasons upon which' [her] adverse determination is based." *Id.* at 1103.[1]

Here, Plaintiff claims that the ALJ violated his duty to provide specific reasons because the ALJ, according to Plaintiff, gave only the following boilerplate:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

[Pltf.'s. Br. at 7 (quoting AR 23).] And this Court would agree if that were the only thing the ALJ said about Plaintiff's credibility. But the ALJ said far more.[2] First, the ALJ explained that "neither the severity not the extent is supported by the medical evidence of the record." [AR 24.] Second, the ALJ contrasted Plaintiff's description of his disabling pain with his conservative treatment. [*Id.*] Third, the ALJ explained that Plaintiff's "reported activities of daily living reveal a person capable of performing some level of substantial gainful activity." [*Id.*]

---

[1] Relevant here, the Ninth Circuit explained in *Treichler* that "after making [a certain] boilerplate statement, the ALJs typically identify what parts of the claimant's testimony were not credible and why." *Treichler*, 775 F.3d at 1103. Thus, it is fair to say that there is no black letter rule against using boilerplate introductory statements.

[2] Whether the ALJ stated his bases for his credibility determination is a question different from whether the ALJ's reliance on those bases was appropriate. The latter is addressed *infra* at Part IV.B.

4

Plaintiff's own brief further undercuts his position. After claiming that the ALJ's decision does not present specific reasons for discounting his testimony, Plaintiff attacks the ALJ's reasons for finding him not to be credible. [*See, e.g.*, Pltf.'s. Br. at 8 ("it appears that the ALJ's sole rationale simply rejects [Plaintiff's] testimony based on a belief that the testimony is not credible because it lacks support in the objective medical evidence"); *id.* at 11 ("The ALJ also rejects [Plaintiff's] testimony as not credible based on [Plaintiff's] performance of sporadic daily activities."); *id.* at 13 ("The ALJ also rejects [Plaintiff's] testimony because the ALJ believes [Plaintiff] has only had care that was conservative in nature.")]. Accordingly, the ALJ provided specific reasons for the credibility determination.

### B. The ALJ's Opinion Provides At Least One Clear and Convincing Reason for the Credibility Determination.

Plaintiff next asserts that the ALJ failed to state sufficient reasons for discounting his credibility. At the administrative hearing, Plaintiff testified that he cannot work because he has constant back pain as a result of a past spinal fusion surgery (which was performed in 1991). [AR 38-39.] Plaintiff takes medication for the pain, which renders him unable to do anything for three days a week. [AR 40-43.] Plaintiff claimed that he could walk for two blocks, sit for an hour and a half, and needed to lie down for two hours in an eight-hour period. [AR 44.] Plaintiff also claimed that he could lift (but not carry) twenty pounds, never goes out by himself, and has his wife drive him around because he cannot drive very far. [AR 52-53.]

If a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the symptoms alleged and there is no affirmative evidence of malingering, the ALJ must offer "clear and convincing" reasons to reject the claimant's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("Unless there is affirmative evidence showing that the claimant is

5

malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." (internal quotation omitted)). Moreover, "[t]he ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (the ALJ must "specifically identify the testimony [the ALJ] finds not to be credible and must explain what evidence undermines the testimony"); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991). In addition to the "ordinary techniques of credibility evaluation," *Bunnell*, 947 F.2d at 346, the following factors may be considered in assessing credibility: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ relied on three reasons for concluding that Plaintiff was less than fully credible: (1) Plaintiff's daily activities; (2) inconsistency with objective medical evidence; and (3) Plaintiff's conservative treatment. Even if "the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony," if he "also provided valid reasons that were supported by the record," the ALJ's error "is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina*, 674 F.3d at 1115 (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195-97 (9th Cir. 2004)). As discussed below, the ALJ offered legally sufficient reasons to support this adverse credibility determination.

First, the ALJ properly observed that Plaintiff's subjective complaints and alleged limitations are not consistent with his ability to perform a wide range of activities of daily living. [AR 24; *Bunnell*, 947 F.2d at 346 (An ALJ may consider a claimant's daily activities when weighing credibility); *Burch v. Barnhart*, 400 F.3d

6

676, 680 (9th Cir. 2005) (upholding an ALJ's rejection of a claimant's credibility in partial reliance on the claimant's daily activities of cooking, cleaning, shopping, interacting with others and managing her own finances and those of her nephew).] Plaintiff reported extreme limitations in functioning. Plaintiff testified that he is "not able to do anything" for three days out of the week. [AR 43.] Plaintiff also reported in his Disability Report that he was *unable* to do any household chores, cooking, or grocery shopping and that his wife performed those tasks. [AR 203.] The ALJ reasonably found Plaintiff's assertion that he was unable to engage in these activities not credible in light of the fact that he testified at the hearing that he regularly cooked, made multi-course meals, and performed household tasks such as cleaning and shopping. [AR 54-55.] Plaintiff also testified that he can only sit for an hour and a half but could watch television for several hours during the day. [AR 22-23.] Such inconsistences between Plaintiff's activities reported in the disability report and his testimony at the hearing support the rejection of his credibility. *See*, *e.g.*, *Burch*, 400 F.3d at 680-81; *Thomas*, 278 F.3d at 958-59; *see Orn v. Astrue,* 495 F.3d 625, 636 (9th Cir. 2007) (claimant's inconsistencies in testimony relevant when assessing credibility). Accordingly, the ALJ's analysis is supported by substantial evidence in the record and should be upheld. *See Batson*, 359 F.3d at 1198 ("When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion."); *Thomas*, 278 F.3d at 959 (where "the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.").

Second, the ALJ found that the objective medical evidence was inconsistent with Plaintiff's alleged limitation. [AR 24.] As the ALJ noted, no physician opined that Plaintiff had severe limitations, and Plaintiff's own physician indicated that "his degree of impairment has not been well documented." [AR 23 (citing AR 529).] [*Id.*] Further, upon examination by an independent orthopedist, Richard Polis, M.D., Plaintiff's testing showed that he had full range of motion, full muscle

strength, normal sensation, negative straight leg raising test (would indicate back pain if positive), and normal ability to walk. [AR 321-23.] Thus, in this case, the absence of objective medical evidence to support Plaintiff's subjective complaints of extreme functional limitations, was a specific, clear and convincing reason to discount Plaintiff's subjective statements. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff also asserts that the ALJ improperly relied on Plaintiff's treatment history in rejecting his credibility. [Pltf.'s Br. at 13-14.] Plaintiff testified that he consistently experienced 8/10 pain from 2012 to 2016. [AR 39.] The ALJ explained that although Plaintiff received treatment for his symptoms, it was "routine in nature, with sporadic references to treatment for [Plaintiff's] neck and back pain." [AR 23.] Specifically, for all but a month before the hearing, Plaintiff testified that he managed his pain with only over-the-counter Advil or Tylenol. [AR 41.] *Parra v. Astrue*, 481 F.3d 742, 751 (9the Cir. 2007) ("[E]vidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment."); *see also Casey v. Colvin*, 637 Fed. Appx. 389, 390 (9th Cir. 2016) (claimant's use of Aleve and Advil to treat pain was evidence of conservative treatment). However, Plaintiff argues that he has taken narcotic medication since 2012, pointing to two medical notes on October 22, 2012, indicating that he was prescribed Hydrocodone-Acetaminophen. [Pltf.'s Br. at 12 (AR 220, 226).] Because the Court has already determined that sufficient evidence supported the ALJ's decision to discount Plaintiff's subjective complaints, it need not determine whether the ALJ materially erred in considering these other reasons for discrediting Plaintiff's testimony. *See Carmickle*, 533 F.3d at 1162-63 (finding an error by the ALJ with respect to one or more factors in a credibility determination

may be harmless if the ALJ's "remaining reasoning and ultimate credibility determination were adequately supported by substantial evidence in the record."). Accordingly, the Court concludes that reversal is not warranted based on the ALJ's alleged failure to properly consider Plaintiff's credibility.

## V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: September 21, 2018

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE